UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEEPAKKUMAR HIMATLAL SONEJI and KINNARI DEEPAKKUMAR SONEJI,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>Department of Homeland Security, MICHAEL CHERTOFF, Secretary; Federal Bureau of Investigation, ROBERT MUELLER, Director; U.S. Attorney General, ALBERTO GONZALES; U.S. Citizenship and Immigration Services, ROBERT DIVINE, Acting Director; U.S. Citizenship and Immigration Services Nebraska Service Center, GERARD HEINAUER, Director,<br><br>　　　　Defendants. | Case No. 07-2290 SC<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS |

**I.　INTRODUCTION**

　　Plaintiffs Deepakkumar Himatlal Soneji and Kinnari Deepakkumar Soneji ("Plaintiffs") filed a Petition for Mandamus to Compel Adjudication of Applications for Adjustment of Status ("Petition") on April 27, 2007.  Docket No. 1.  In this Petition, Plaintiffs seek to compel adjudication of their I-485 Applications to Adjust to Lawful Permanent Resident Status ("Applications"). See Pet. ¶ 1.  Plaintiffs' Applications have been pending for more than 3 and one half years.  Id.  Now before the Court is defendants' Michael Chertoff, et al. ("Defendants"), Motion to

1  Dismiss.  See Docket No. 7.  Plaintiffs filed an Opposition and
2  Defendants submitted a Reply.  See Docket Nos 27, 32.  For the
3  following reasons, Defendants' Motion to Dismiss is DENIED.

## II. BACKGROUND

Plaintiffs are married citizens of India currently residing legally in the United States. Pet., Ex. 2. Plaintiff Deepakkumar Himatlal Soneji ("Mr. Soneji"), a software engineer, came to the United States on June 18, 1999, on a non-immigrant H1-B visa. Id. On February 26, 2001, Mr. Soneji was hired by Flextronics International, U.S.A., Inc. ("Flextronics"), as a temporary non-immigrant worker. Id. at ¶ 6; Ex. 3. Mr. Soneji was subsequently hired as a permanent employee and has worked at Flextronics for the last seven years. Id. at ¶ 12; Exs. 4, 11. On February 2, 2004, Flextronics filed an I-140 immigrant visa petition for Mr. Soneji. Id. at ¶ 14. On November 2, 2004, this I-140 petition was approved. Id. at Ex. 4. This petition serves as the basis for Mr. Soneji to adjust his immigration status to legal permanent resident. Id. at ¶ 14.

Mr. Sonjeji's wife, Kinnari Deepakkumar Soneji ("Mrs. Soneji") is co-plaintiff in the Petition. Pet. ¶ 1. Mrs. Soneji and Mr. Soneji were married in India on November 28, 2002. Pet., Ex. 2. Mrs. Soneji came to the United States to join her husband on February 28, 2003. Id. at ¶ 13. Mrs. Soneji lawfully entered the United States on an H-4 visa. Id. at Ex. 2. Mrs. Soneji is currently a pharmacist at Safeway. Id. at ¶ 6.

On February 11, 2004, Plaintiffs filed their I-485

United States District Court
For the Northern District of California

Applications. Pet., Ex. 1. Mr. Soneji's adjustment eligibility is based on his pending I-140 immigrant visa petition. Id. at ¶ 15. Mrs. Soneji's adjustment eligibility is based on her marriage to Mr. Soneji and is derivative of his adjustment eligibility. Id. Mr. and Mrs. Soneji gave birth to their first child in Walnut Creek, California, on January 13, 2006. Id. at ¶ 13. This child, needless to say, is a citizen of the United States. Plaintiffs both have employment authorization to remain in the United States until March 28, 2008. Mot. to Dismiss at 5. Defendants do not contest any of these facts.

Before applications to adjust status may be adjudicated, the United States Citizenship and Immigration Services ("USCIS") and the Federal Bureau of Investigation ("FBI") conduct various security and background checks. Mot. to Dismiss at 3. On March 4, 2004, less than one month after Plaintiffs submitted their Applications, USCIS requested that the FBI conduct name checks of both Plaintiffs. Id. at 5. Defendants, in a declaration submitted with the Motion to Dismiss, state that the FBI name check for Mrs. Soneji was completed on the very same day, March 4, 2004, that the request was received by the FBI. See Cannon Decl. ¶ 23, Mot. to Dismiss. Mr. Soneji's name check, however, which was submitted at the same time as Mrs. Soneji's, is, some three and one half years later, still pending. Id. at ¶ 22., Mot. to Dismiss at 5.[1] Defendants concede that Mr. Soneji's FBI name

---

[1] Mrs. Soneji is eligible for adjustment of her status to legal permanent resident based only on her status as an accompanying spouse to Mr. Soneji. Therefore, even though Mrs. Soneji's "background check has been completed," her application

3

1 check is all that currently prevents adjudication of Plaintiffs'
2 Applications.  See Mot. to Dismiss at 5 (stating "USCIS is
3 presently unable to adjudicate Plaintiffs' I-485 applications
4 because it has not yet received the results of [Mr.] Deepakkumar
5 Soneji's FBI name check.  Once USCIS receives the name check
6 results from the FBI, it will promptly adjudicate Plaintiffs'
7 applications").

## III. DISCUSSION

Defendants seek dismissal of Plaintiffs' Petition pursuant to Federal Rules of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and 12(b)(6), for failure to state a claim.

### A. Subject Matter Jurisdiction

Plaintiffs, as the party seeking to invoke the jurisdiction of the Court, have "the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996) (per curiam).  Plaintiffs offer two origins for federal subject matter jurisdiction: (1) federal question jurisdiction, 28 U.S.C. § 1331, pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq.; and (2) the Mandamus Act, 28 U.S.C. § 1361.

Defendants assert that the Court does not have subject matter jurisdiction for essentially three reasons: (1) 8 U.S.C. § 1252(a)(2)(B)(ii) strips the Court of jurisdiction; (2) the APA

---

cannot be independently adjudicated.  Mot. to Dismiss at 5. Accordingly, adjudication of both Plaintiffs' Applications hinges on Mr. Soneji's background check.

4

exempts discretionary agency actions from judicial review; and (3) Plaintiffs cannot show, as they must to prevail on a mandamus action, that they have a clear right to immediate adjudication or that Defendants have a clear ministerial duty to act within any particular time frame.  The Court addresses each argument in turn and finds, for the following reasons, that the Court has jurisdiction under both the APA and the Mandamus Act.

### 1. 8 U.S.C. § 1252(a)(2)(B)(ii)

Defendants' assert that section 242(a)(2)(B)(ii) of the Immigration and Naturalization Act ("INA"), codified at 8 U.S.C. § 1252(a)(2)(B)(ii), precludes federal jurisdiction.  Mot. to Dismiss at 6.  Section 1252 states that "[n]otwithstanding any other provision of law . . ., and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review" any discretionary action, other than granting asylum, by the Attorney General or the Secretary of Homeland Security.  8 U.S.C. § 1252(a)(2)(B)(ii).

Defendants argue that by seeking to compel adjudication of their I-485 Applications, Plaintiffs seek federal judicial review of a discretionary action, which is precluded by § 1252.  Defendants, however, misunderstand the scope of § 1252.  By its own language, the statute applies to "judgment[s], decision[s], or action[s] . . . ."  8 U.S.C. § 1252(a)(2)(B).  Plaintiffs are not seeking judicial review of a judgment, decision, or action.  Instead, Plaintiffs are seeking to compel the government to take some action on a decision that has been languishing for more than three years.

1    The authority cited by Defendants does not support their
2 position. First, Defendants cite Freeman v. Gonzales, 444 F.3d
3 1031, 1037 (9th Cir. 2006), for the proposition that "Section
4 242(a)(2)(B)(ii) of the INA removes jurisdiction over all
5 challenges to discretionary determinations." Mot. at 6. Freeman,
6 however, merely cited with approval the proposition articulated in
7 Wong v. INS, 373 F.3d 952, 963 (9th Cir. 2004), which held that
8 the "'[§ 1252(a)(2)(B) bar on review of discretionary decisions
9 does not apply to cases] rais[ing] only constitutional or purely
10 legal, nondiscretionary challenges to the decisions in question.'"
11 Freeman, 444 F.3d at 1037 (citing Wong, 373 F.3d at 963)
12 (alterations in original).

13    Rather than articulating a broad definition of § 1252, as
14 Defendants suggest, Freeman held, inter alia, that § 1252 was not
15 a jurisdictional bar to the narrow issue of whether "the district
16 director [of the Department of Homeland Security] violated [the
17 plaintiff's] due process rights by improperly interpreting §
18 1151(b)(2)(A)(i) to determine that she was no longer the 'spouse'
19 of a U.S. citizen and therefore not entitled to adjustment of
20 status." Freeman, 444 F.3d at 1037.

21    More importantly, Freeman and Wong addressed the issue of
22 what types of "decisions" may be reviewed by federal courts.
23 Freeman, 444 F.3d at 1037 (citing Wong, 373 F.3d at 963). In the
24 present case, there has been no decision. Thus, Freeman and Wong
25 are inapposite.

26    Defendants also cite Spencer Enters. v. United States, 345
27 F.3d 683 (9th Cir. 2003). Spencer, however, like Freeman, dealt

6

1  with federal judicial review of <u>determinations</u> made by immigration
2  agencies.  <u>See</u> <u>id.</u> at 688 (stating "[t]he question before us,
3  then, is whether any statute has deprived the federal courts of
4  jurisdiction to review the particular agency <u>action</u> at issue here:
5  INS's denial of an immigrant investor visa petition") (emphasis
6  added).  In the present case, there has been no action taken by
7  USCIS.  Thus, as there has been no "judgment, decision, or action"
8  by the government, § 1252 is inapplicable and is therefore not a
9  bar to jurisdiction.  8 U.S.C. § 1252(a)(2)(B)(ii).[2]

              **2.    Administrative Procedure Act, 5 U.S.C. § 701**

For federal question jurisdiction under the APA, Plaintiffs must show that Defendants unreasonably delayed in processing their applications.  <u>See</u> 5 U.S.C. § 555(b) (stating "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it"); <u>see</u> <u>also</u> 5 U.S.C. § 706(1) (stating that courts "shall compel agency action unlawfully withheld or unreasonably delayed").

Defendants, citing <u>Norton v. S. Utah Wilderness Alliance</u>, 542 U.S. 55 (2004), argue that the Court lacks jurisdiction to compel adjudication of Plaintiffs' I-485 Applications because <u>Norton</u> requires that "the only agency action that can be compelled under

---

[2] Although 5 U.S.C. section 551(13) of the APA states that agency action includes "failure to act," the statute is clear that this definition applies only "[f]or the purpose of this subchapter."  5 U.S.C. § 551.  The subchapter in question is titled "Administrative Procedure."  <u>See</u> 5 U.S.C. § 551.  There is nothing to indicate, and Defendants do not argue, that this definition also applies to INA section 242, codified at 8 U.S.C. § 1252.

7

1  the APA is action legally <u>required</u>." <u>Id.</u> at 63 (emphasis in
2  original).  Refining this caveat, the Court stated that "a claim
3  under § 706(1) can proceed only where a plaintiff asserts that an
4  agency failed to take a <u>discrete</u> agency action that it is <u>required</u>
5  <u>to take</u>." <u>Id.</u> at 64 (emphasis in original).  In essence,
6  Defendants assert that USCIS is not required to act on Plaintiffs
7  I-485 Applications and therefore the APA is not a source of
8  federal jurisdiction.
9       This argument is not convincing.  Defendants urge that
10 because USCIS has discretion to grant or deny an I-485
11 application, USCIS must therefore also have the discretion to do
12 nothing with an I-485 application.  Such an interpretation not
13 only pushes the bounds of common sense but is also contradicted by
14 a wealth of authority from this and other districts.  <u>See</u>, <u>e.g.</u>,
15 <u>Rzaq v. Poulos</u>, No. 06-2461, 2007 WL 61884, at *3 (N.D. Cal. Jan.
16 8, 2007) (stating that "[w]hile the substance of the decision
17 whether to grant or deny a petition obviously is discretionary,
18 the duty to process the application is just as obviously
19 ministerial"); <u>Singh v. Still</u>, 470 F. Supp. 2d 1064, 1067 (N.D.
20 Cal. 2006) (holding "the Court finds this duty to act is not
21 discretionary"); <u>Aboushaban v. Mueller</u>, No. 06-1280, 2006 WL
22 3041086, at *1 (N.D. Cal. Oct. 24, 2006) (stating "respondents
23 have a clear duty to adjudicate the plaintiff's change of status
24 application"); <u>Yu v. Brown</u>, 36 F. Supp. 2d 922, 932 (D.N.M. 1999)
25 (holding that "[a]ll other courts addressing this question have
26 held that INS has a non-discretionary duty to process applications
27 for LPR [Legal Permanent Resident] status"); <u>Iddir v. I.N.S.</u>, 301

8

1  F.3d 492, 500 (7th Cir. 2002); Razik v. Perryman, No. 02-5189,
2  2003 WL 21878726, at *2 (N.D. Ill. Aug. 07, 2003); Fu v. Reno, No.
3  99-0981, 2000 WL 1644490, at *5 (N.D. Tex. Nov. 01, 2000);
4  Agbemaple v. I.N.S., No. 97-8547, 1998 WL 292441, at *2 (N.D. Ill.
5  May 18, 1998).  The Court agrees that while the relevant statutes
6  and regulations give the agency the discretion to choose how to
7  decide an application, they nevertheless impose on it a
8  nondiscretionary duty to make such a decision.[3]

9  Finally, Defendants argue that because the APA does not
10 provide a standard against which to measure the time it takes
11 USCIS to process an application, the APA cannot be a source of
12 federal jurisdiction.[4]  Mot. at 8.  Defendants cite Heckler v.
13 Chaney, 470 U.S. 821 (1985), for the proposition that judicial
14 review under the APA "is not to be had if the statute is drawn so
15 that the court would have no meaningful standard against which to
16 judge the agency's exercise of discretion."  Id. at 830.  However,
17 "[e]ven where statutory language grants an agency unfettered
18 discretion, its decision may nonetheless be reviewed if
19 regulations or agency practice provide a meaningful standard by
20 which this court may review its exercise of discretion."  Spencer
21 Enters., 345 F.3d at 688 (internal quotation marks and citations

---

[3] In Singh, the Government even conceded that it has a nondiscretionary duty to adjudicate I-485 applications. See Singh, 470 F. Supp. 2d at 1067 (stating that "[a]t the hearing . . . Respondents conceded that they have a mandatory duty to act on [Petitioner's I-485] applications").

[4] As noted above, section 706(1) of the APA states that courts "shall compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).

omitted).

Defendants assert that because there is no standard for determining what is a reasonable amount of time, "in order to determine that the Government has 'unreasonably delayed' adjudication of Plaintiffs' applications, this Court would have to create a temporal standard from thin air."  Mot. at 8.  The Court disagrees.

Section 55(b) of the APA states: "With due regard for the convenience and necessity of the parties or their representatives, and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b) (emphasis added).  "This prescription applies when Congress imposes a duty but does not articulate a specific time frame within which that duty must be honored."  Rzaq, 2007 WL 61884, at *4.  Numerous other courts have reached this same conclusion.  See, e.g., Aboushaban, 2006 WL 3041086, at *2 (stating "the government has a duty to adjudicate plaintiff's application within a reasonable time"); Yu, 36 F. Supp. at 931-32 (holding that "Defendants fail to comprehend that the APA itself imposes on them the duty to complete Plaintiff's application within a reasonable time"); Iddir, 301 F.3d at 500 (stating "[t]he relevant statutes and regulations confirm that the INS did have the duty to adjudicate the appellants' applications in a reasonable time period"); Razik, 2003 WL 21878726, at *2; Fu, 2000 WL 1644490, at *5; Agbemaple, 1998 WL 292441, at *2 (stating that "as a matter of law, [Plaintiff] is entitled to a decision within a reasonable time").

Thus, the Court finds that Defendants are required to

adjudicate Plaintiffs' application within a reasonable time.  It is worth emphasizing that the FBI received background check requests for both Plaintiffs at the same time.  Cannon Decl. ¶ 23, Mot. to Dismiss.  Mrs. Soneji's was processed the same day it was received.  Id.  Mr. Soneji's background check, however, has still not been processed after more than three years of waiting.  Pet. ¶ 42.  As Defendants have provided no meaningful explanation for the disparity in the treatment of the two background checks, this scenario seems to be the epitome of an unreasonable delay.

Accordingly, the Court finds that Defendants have a nondiscretionary duty to adjudicate Plaintiffs' Applications and this duty must be undertaken within a reasonable amount of time.  Therefore, the Court has jurisdiction to consider Plaintiffs' Petition pursuant to the APA.

### 3. Mandamus Act, 28 U.S.C. § 1361

The Mandamus Act states:  "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  Relief under the Mandamus Act is "available to compel a federal officer to perform a duty if:  (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available."  Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1998).

Contrary to Defendants' assertion, Plaintiffs' claims are clear and certain.  They seek to compel Defendants to adjudicate

11

their I-485 applications.  In addition, as discussed above, Defendants' duty to adjudicate the applications is nondiscretionary.  Finally, Plaintiffs convincingly argue that there is no other adequate remedy available to them.  Nor do Defendants propose any alternative remedies.  Plaintiffs' work visas are set to expire in March, less than six months away.  Plaintiffs have already waited more than three years for a decision and, outside of their Petition, have no other recourse other than to continue waiting.  As another court has noted, however, "[w]aiting for an agency to act cannot logically be an adequate alternative to an order compelling the agency to act."  Fu, 2000 WL 1644490, at *4.

For the foregoing reasons, the Court finds that Plaintiffs have satisfied the requirements to bring a mandamus action.  Thus, the Court finds that it has jurisdiction under the Mandamus Act.

### B. **Failure to State a Claim**

#### 1. **Legal Standard**

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the sufficiency of the complaint.  Dismissal pursuant to Rule 12(b)(6) is appropriate only where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  In reviewing the motion, a court must assume all factual allegations made by the nonmoving party to be true and construe them in the light most favorable to the nonmoving party.  North Star Int's v. Ariz. Corp. Comm'n, 720

F.2d 578, 590 (9th Cir. 1993).

### 2. Analysis

Defendants, as discussed above, have a non-discretionary duty to adjudicate Plaintiffs' Application within a reasonable time. The Court's determination whether Defendants have violated this duty is guided by what are known as the "TRAC factors":

> (1) the time agencies take to make decisions must be governed by a "rule of reason"[;] (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason [;] (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake [;] (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority[;] (5) the court should also take into account the nature and extent of the interests prejudiced by the delay[;] and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."

Independence Min. Co., Inc. v. Babbitt, 105 F.3d 502, 507 n. 7 (9th Cir. 1997) (quoting Telecomms. Research & Action v. F.C.C., 750 F.2d 70, 79-80 (D.C. Cir. 1984)) (modifications in original). See also Rzaq, 2007 WL 61884, at *6; Singh, 470 F. Supp. 2d at 1069 (quoting an analogous standard articulated in Yu, 36 F. Supp. 2d at 934).

It is also relevant to "look to the source of the delay--e.g., the complexity of the investigation as well as the extent to which the defendant participated in delaying the proceeding." Singh, 470 F. Supp. 2d at 1068 (quoting Saleh, 367

13

F. Supp. 2d at 512) (internal modifications omitted).

It appears possible that Plaintiffs could prove a set of facts that would lead this Court to conclude that the delay in adjudication of their Applications was unreasonable. Therefore, Defendants' Motion to Dismiss for failure to state a claim is DENIED.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is DENIED.

IT IS SO ORDERED.

Dated: October 22, 2007

UNITED STATES DISTRICT JUDGE

14